UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SNYDER COMPUTER SYSTEMS,
INC. d.b.a. WILDFIRE MOTORS,
        Plaintiff,

v.

UNITED STATES DEPARTMENT
OF TRANSPORTATION,
        Defendant.

Case No. 2:12-cv-1140
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

---

UNITED STATES OF AMERICA,
        Plaintiff,

v.

SNYDER COMPUTER SYSTEMS,
INC. d.b.a. WILDFIRE MOTORS,
        Defendant.

Case No. 2:13-cv-311
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter came before the Court on the Movant Douglas Don Snyder's Motion for Reconsideration of this Court's August 28, 2014 Order. (ECF No. 58.[1]) For the reasons that follow, the Court **GRANTS** Mr. Snyder's motion.

I.

On November 13, 2012, the National Highway Traffic Safety Administration ("NHTSA") issued findings, conclusions, and an order directing Snyder Computer Systems, Inc.

---

[1] Throughout this Opinion and Order the citations to the docket entries reflect the docket in case number 2:12-cv-1140.

d/b/a Wildfire Motors' ("Wildfire") to recall of MY 2009 WF650-C, a three-wheeled motor vehicle. Following that decision, litigation was initiated by both Wildfire and the Government regarding, inter alia, the validity of the NHTSA's November 13, 2012 Order. On March 31, 2014, this Court granted the Government's partial motion for summary judgment and affirmed the NHTSA's November 13, 2012 Order. In that decision, the Court ordered Wildfire "to comply with th[e NHTSA] Order immediately." (ECF No. 29.)

On May 29, 2014, the Government filed a Motion for an Order to Show Cause Why Wildfire Motors and Douglas D. Snyder Should Not Be Held in Civil Contempt of the Court's Order Dated March 31, 2014, and to Assess Civil Penalties Under the Safety Act ("Motion for Contempt and Penalties"). (ECF No. 41.) In its Motion, the Government requested that both Wildfire and Snyder be held in contempt and that Wildfire be fined the civil penalty statutory maximum of $6,486,000.

On July 15, 2014, the Government asked the Court to order Wildfire and Mr. Snyder to produce their respective financial records from 2009 to the present in anticipation of a hearing on the merits of the Government's Motion for Contempt and Penalties. (ECF No. 52.) On August 28, 2014, this Court granted the Government's request. (ECF No. 55.) Snyder now moves for reconsideration of that Order, which is ripe for review. (ECF Nos. 58, 60, 64.)

**II.**

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). A district court's

2

authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id.* 952. Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

### III.

Mr. Snyder does not dispute that a court may hold a corporate officer, like himself, in contempt for knowingly violating a court order imposed upon a corporate entity. Snyder argues, however, that his financial records are irrelevant to this inquiry because he has no obligation to finance Wildfire's corporate obligations. Specifically, he contends that "just because a court is able to hold Snyder in contempt for actions or inactions he may have taken as a corporate officer does not mean that Snyder is personally liable for the underlying corporate debt or is required to fund Wildfire's corporate liabilities as the Government argues here." (ECF No. 58 at 5) (citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. Inc.*, 67 Ohio St.3d 274, 287 (1993) (holding corporations are distinct legal entities, and, thus, shareholders, officers and directors are not liable for the debts of the corporation absent proof of the elements for piercing the corporate veil)).

In response, the Government contends that the person against whom contempt is requested must "prove in great detail his inability to pay, show that he did not cause the inability, or prove that he unsuccessfully attempted compliance in good faith." (ECF No. 60 at 1) (citing *Gary's Elec. Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003) and *Chicago Truck Drivers*, 207 F.3d 500, 506 (8th Cir. 2000)). The Government continues, arguing that it should be able to

analyze Snyder's financial records "so that it has the opportunity to develop the record regarding Snyder's personal finances in relation to his company that he has long claimed has 'no money' to comply with the law." *Id.* The government states:

> Otherwise, Snyder can shut down the great grinding gears of the safety recall process with a claim of "no money" while keeping his company in business, paying others including himself, and successfully resisting any discovery into his personal financial circumstances in relation to his company's resources.
>
> Snyder is in the motor vehicle industry. As sole owner, he should ensure that his company is prepared for recalling motor vehicles, including ensuring sufficient capital to do so. Snyder should not be able to contribute enough money for Wildfire to be in business and make payments he chooses to make, while not contributing enough to carry out the safety recall process that he started.

*Id.* at 1–2. Finally, the Government asserts that it "is appropriate to consider Snyder's personal responsibility in contempt proceedings, to include the relationship between his personal and business finances" so that the Court may consider the Government's request "to enforce its Order against any individual or entity that has directed Wildfire's conduct." *Id.* at 4.

In reply, Mr. Snyder asserts that the Government will possess the information it needs to determine if Wildfire paid others including Snyder and what money, if any, Snyder contributed for Wildfire to stay in business. "Any amounts Wildfire paid in bonuses, salaries, loans, or paid to a related company that may be owned by Snyder is reflected in Wildfire's financial records, which have been or are currently being produced to the government." (ECF No. 64 at 2–3.)

The Court finds Mr. Snyder's arguments well taken. At this juncture, the discovery that will be or is currently being provided to the Government is sufficient for it to determine Wildfire's ability to comply with this Court's Order and to determine whether Wildfire and/or Snyder should be held in contempt. While the Court does not speculate here, it is possible that discovery could reveal facts that would permit a piercing of the corporate veil. Before, however,

4

a disregarding of the corporate structure can occur and discovery to follow, the Government must allege and prove that the corporate structure should be disregarded.

### IV.

For the reasons set forth above, the Court **GRANTS** Movant Douglas Don Snyder's Motion for Reconsideration of this Court's August 28, 2014 Order. (ECF No. 58.)

**IT IS SO ORDERED.**

10-8-2014
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**