UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SNYDER COMPUTER SYSTEMS,
INC. d.b.a. WILDFIRE MOTORS,
      Plaintiff,

v.

UNITED STATES DEPARTMENT
OF TRANSPORTATION,
      Defendant.

Case No. 2:12-cv-1140
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

---

UNITED STATES OF AMERICA,
      Plaintiff,

v.

SNYDER COMPUTER SYSTEMS,
INC. d.b.a. WILDFIRE MOTORS,
      Defendant.

Case No. 2:13-cv-311
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter came before the Court on the Motion for an Order to Disburse Recall Funds filed by Douglass Don Snyder and Snyder Computer Systems, Inc. d.b.a. Wildfire Motors ("Wildfire") (ECF No. 149); the United States of America's Response to Wildfire's Motion (ECF No. 150); and Wildfire's Reply (ECF No. 151). For the reasons that follow, the Court **GRANTS** Wildfire's Motion.

With the approval of the United States, Mr. Snyder appointed a receiver-administrator,

1

Insight Business Solutions, LLC, to administer the vehicle repurchase recall in accordance with the August 12, 2015 Consent Decree. (ECF No. 125.) Also in accordance with the Consent Decree, Mr. Snyder deposited with this Court $433,000 to fund the repurchase and paid $100,000 to the United States Department of Justice as a civil penalty. Mr. Snyder has held an additional approximately $250,000 to fund the recall in the event that the deposited $433,000 is insufficient.

In Wildfire's Motion, it asks the Court to direct the Clerk of this Court to disburse to Insight Business Solutions, LLC, $25,000 for administrative costs and $100,000 to commence the repurchase recall. Wildfire proposes to fund the recall account in $100,000 increments because it would be "a precaution against potential misuse of disbursed funds, which are being placed under the control of an unbonded receiver approved by the United States to administer the repurchase recall." (Reply at 1.)

The government contends the entire $433,000 should be transferred to the receiver at one time because the Consent Decree indicates: "After the Consent Decree is signed by the Court, the Clerk of Courts will forward these funds to the third party escrow account established by the Receiver." (Consent Decree ¶ 41.) The government contends that transferring the entire amount "to the escrow account established by the Receiver for payments to vehicle owners will ensure that the Receiver has uninterrupted access to the funds necessary to timely pay vehicle owners so that the recall may proceed efficiently . . . ." (Mem. in Opp. at 2.)

The Court finds Wildfires' Motion well taken. The Consent Decree does not specify the procedure to follow in transferring the funds. Transferring the funds in the increments suggested by Wildfire is in accordance with the Consent Decree's dictate to forward the funds to

the receiver. There is no risk that the recall process will be interrupted since the Clerk of this Court will timely transfer the amounts to the receiver upon request.

**IT IS SO ORDERED.**

\_\_\_10-15-2015_____  _____
**DATE**                      **EDMUND A. SARGUS, JR.**
                              **UNITED STATES DISTRICT JUDGE**